UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR CORREA,<br><br>    Plaintiff,<br><br>    v.<br><br>JENNIFER SHAFFER, et al.,<br><br>    Defendants. | No. 2:23-cv-0739 TLN KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court directs the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments

////

1

will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint should be dismissed without prejudice.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act

To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Plaintiff's Complaint

Plaintiff received an adjusted base term of three years with the nonviolent parole eligible date of February 5, 2009, set by the indeterminately sentenced nonviolent parole hearing referral decision dated June 12, 2021.  (ECF No. 1 at 21.)  Plaintiff avers that the Board of Parole Hearings ("BPH") must take such adjusted base term into account before denying parole and argues that prisoners with life maximum terms cannot be held for a period grossly disproportionate to their culpability for the commitment offense, even for public safety reasons.

////

On January 4, 2022, plaintiff was denied parole by the BPH, who recommended a five-year denial. Plaintiff challenges the protocol adopted by the BPH in preparing, evaluating, and determining plaintiff's suitability for parole. He also alleges he was discriminated against because he is required to register under California Penal Code section 290, suffered violations of his right to equal protection and due process rights under the Fourteenth Amendment and claims he is serving a disproportionate term of confinement constituting cruel and unusual punishment.

Plaintiff seeks release from prison (ECF No. 1 at 5), and money damages for his unlawful detainment. Plaintiff names as defendants Jennifer P. Shaffer, Executive Director of the BPH; Christine Nijjer, Deputy Commissioner of the BPH, and Joe Sullivan, Commissioner of the BPH; Richard Kendall, Forensic Psychologist, Jeannette Sanders, Senior Psychologist, Supervisor; and Genedal Amber Macasinag, transcriber.

Discussion

Plaintiff is serving eight indeterminate 25 years to life sentences and was sentenced under the Three Strikes Law.[1] He claims the parole denial violates Proposition 57[2] and the Constitution.

California's "Three Strikes" law, as originally enacted and as applied to plaintiff, required

---

[1] According to his prior habeas petition, on October 20, 2006, petitioner sustained seven convictions for being a felon in possession of firearms and one conviction for possession of a stolen vehicle, all originating from Sacramento County, to be served consecutively. Correa v. Warden, California State Prison, Corcoran, No. 2:14-cv-2160 JAM CKD P (E.D. Cal.) (ECF No. 1 at 1). A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted). The trial court also found that plaintiff previously sustained two felony convictions for forcible sodomy, which qualified plaintiff for life sentencing under California's Three Strikes Law, California Penal Code Section 1170.12, subdivision (c)(2)(A)(ii). People v. Correa, 54 Cal.4th 331 (Cal. S. Ct. June 21, 2012). Plaintiff did not provide the date he completed the prison term for such prior convictions, but he was out of custody when he was subsequently charged and convicted in 2006 for the controlling convictions for nonviolent offenses.

[2] "The Public Safety and Rehabilitation Act of 2016" ("Proposition 57") (eff. November 9, 2016) added Section 32 to Article I of the California Constitution, which were "enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law. . . ." Id.; see also Jones v. Allison, 9 F.4th 1136, 1138 (9th Cir. 2021).

4

that a defendant previously convicted of two serious or violent felonies receive a mandatory sentence of at least 25-years-to-life following conviction of a third felony. See Cal. Penal Code § 667 et seq. The Three Strikes law was amended in 2012 by Proposition 36, which authorizes the imposition of an indeterminate life sentence for a third strike only if that strike is a serious or violent felony or the defendant is otherwise disqualified for a determinate sentence. See Teal v. Superior Court, 60 Cal. 4th 595 (2014). However, these amendments are not retroactive. See People v. Conley, 63 Cal. 4th 646 (2016). Prisoners, like plaintiff, whose third-strike sentences were final prior to the 2012 amendments and would not have resulted in an indeterminate life sentence under current law, may petition for recall of their sentence under Cal. Penal Code § 1170.126.[3]

Proposition 57, in pertinent part, requires that "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." Cal. Const. Art. I, § 32(a)(1). The "full term for the primary offense" is defined as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Id., § 32(a)(1)(A). An indeterminate life sentence under the Three Strikes law is considered an "alternative sentence," see In re Edwards, 26 Cal. App. 5th 1181, 1187 (Cal. App. Sept. 7, 2018), and thus is not a primary offense term that must be served before a prisoner is eligible for parole consideration under Proposition 57. Therefore, a Three Strikes indeterminate sentence must be "put aside" for purposes of determining the full term of a prisoner's primary offense. Edwards, 26 Cal. App. 5th at 1192.

Plaintiff's felony convictions for "being a convicted felon in possession of a firearm . . . are not serious or violent felonies" for purposes of the revised Three Strikes law. People v. Brimmer, 230 Cal. App. 4th 782, 792 (2014); People v. White, 223 Cal. App. 4th 512, 518 (2014). Thus, plaintiff is entitled to consideration for parole under Proposition 57, but contrary to

---

[3] Prisoners appear to have three options to pursue relief at the state level: (1) request for eligibility review by the BPH pursuant to emergency regulations Cal. Code Regs. tit. 15, §§ 3495-97; (2) request for an expedited parole suitability hearing under Cal. Penal Code § 3041.5(d)(1); and (3) a petition to recall sentence in the Superior Court under Cal. Penal Code § 1170.126.

plaintiff's claims, Proposition 57 does not entitle plaintiff to parole. "Proposition 57 does not require an eligible inmate's mandatory release from prison – it only provides a parole consideration hearing." Barnes v. Supreme Court Judges, 2021 WL 5240255, *1 (Oct. 21, 2021, E.D. Cal.), findings and recommendations adopted, 2021 WL 5999673 (E.D. Cal. Dec. 20, 2021). Also, while "Proposition 57 creates a mechanism for parole consideration, [it does not create] a vehicle for resentencing." Daniels v. California Dep't of Corr. and Rehab., 2018 WL 489155, at *4 (E.D. Cal. Jan. 19, 2018). In short, the addition of § 32 to Article I of the California Constitution by Proposition 57 results in some prisoners potentially becoming "eligible for parole consideration," but does nothing to undermine the validity of their existing sentences. Daniels, 2018 WL 489155, at *4. Plaintiff received a parole consideration hearing on January 4, 2022.

Importantly, prisoners do not have a right under the U.S. Constitution right to be conditionally released before the expiration of a valid sentence. Swarthout v. Cooke, 562 U.S. 216, 220 (2011). California, however, has statutorily created a liberty interest in parole which is subject to due process protections. Id. "In the context of parole, we have held that the procedures required are minimal . . . [and require only] an opportunity to be heard and . . . a statement of the reasons why parole was denied." Id. In Swarthout, the Supreme Court put an end to federal habeas review of individual California parole denials for insufficiency of the evidence. Id. at 862-63.

Even though plaintiff was denied parole, there is no violation of due process as long as plaintiff was allowed an opportunity to be heard and provided a statement of the reasons why parole was denied. Swarthout, 562 U.S. at 222. Plaintiff does not claim he was deprived of either.

Alleged Errors in Parole Decision/Risk Assessment

Plaintiff also alleges that defendants Sullivan and Nijjer failed to comply with the protocols required under Johnson v. Shaffer, 2:12-cv-1059 KJM AC P (E.D. Cal.), and claims his right to due process was violated based on alleged errors in his Comprehensive Risk Assessment ("CRA") prepared in anticipation of his parole suitability hearing by defendant R. Kendall, Psy.D. Plaintiff argues defendants Nijjer and Sullivan wrongfully considered plaintiff's prior crime

committed while he was in custody, claiming that the BPH relied on false evidence from Kendall's report concerning plaintiff's personal involvement and culpability. (ECF No. 1 at 33.) Plaintiff attempted to correct the false statements at the hearing, but to no avail. Plaintiff claims that defendants Nijjer, Sullivan and Kendall conspired to deprive plaintiff of a fair hearing and due process when they knowingly relied on such false information. Plaintiff objects that Kendall's "high risk" conclusion stemmed almost exclusively from precommitment factors which are insufficient to establish a nexus to current dangerousness, particularly in light of plaintiff's exemplary prison conduct record, as well as his youth at the time of the crimes underlying his prior felony convictions (he was 18 years old).[4] Plaintiff submitted a rebuttal to Kendall's report but never received a response. (ECF No. 1 at 24.) Further, plaintiff objects that the parole denial was not based on "some" evidence or even a "modicum" of evidence showing plaintiff presents a risk to public safety. (ECF No. 1 at 25.) He argues that the BPH's continued reliance on the circumstances of plaintiff's offenses and conduct prior to imprisonment are unchanging factors, and such reliance violates plaintiff's due process rights. (ECF No. 1 at 26.) Because plaintiff's commitment offenses were nonviolent, none of his convictions were "cruel, atrocious and heinous." (Id.) He argues that the BPH uses unconstitutional standards and criteria were applied in an arbitrary and meaningless fashion to find him unsuitable for parole, failing to link the "lack of insight" to plaintiff's current actions demonstrating current dangerousness.

For the reasons stated herein, the undersigned finds that Johnson v. Shaffer, 2:12-cv-1059 KJM AC P, clarifies that plaintiff's claims based on alleged errors in his CRA are not cognizable.[5]

In Johnson v. Shaffer, 2:12-cv-1059 KJM AC P, a class action lawsuit, the plaintiff challenged the constitutionality of the protocol adopted by the BPH's Forensic Assessment Division ("the FAD protocol") for the preparation of psychological evaluations to be considered

---

[4] Plaintiff was not a youth offender at the time of his controlling convictions for being a felon in possession of firearms and stolen property.

[5] The undersigned takes judicial notice of the orders filed in Johnson v. Shaffer, 2:12-cv-1059 KJM AC P. Fed. R. Civ. P. 201(b).

7

in determining prisoners' suitability for parole. Case 2:12-cv-1059 at ECF No. 62 at 1-2. "The gravamen of the complaint is that 'the FAD protocols were adopted (and operate) to create an evidentiary basis for the denial of parole by generating unreliable future dangerousness findings, rendering the suitability evaluation process biased and inherently unreliable.'" Case 2:12-cv-1059 at ECF No. 62 at 2. The district court found that plaintiff's claims alleging systemic bias in the parole decision making process, including claims that defendants deliberately used unreliable, biased evidence, including FAD reports riddled with errors, to ensure that parole was denied, stated a potentially colorable due process claim. Case 2:12-cv-1059 at ECF No. 62 at 12-19. The district court found that Swarthout, supra, did not preclude plaintiff's systemic bias claim. Case 2:12-cv-1059 at ECF No. 62 at 18-19, adopted May 15, 2015 (ECF No. 68).

On May 27, 2016, the procedures for objecting to factual errors in a CRA were addressed in the settlement agreement in Johnson v. Shaffer. Case 2:12-cv-1059 at ECF No. 167. As part of the settlement agreement approved by the court, every class member receives a new CRA every 3 years prepared in advance of parole hearings scheduled on or after June 1, 2016. Case 2:12-cv-1059 at ECF No. 167 at 2. The BPH is required to enact regulations establishing a procedure for inmates to object to factual errors in their CRA and a written response to be received prior to their parole consideration hearing. Case 2:12-cv-1059 at ECF No. 167 at 5.

In an order dismissing the original complaint filed in Johnson v. Shaffer with leave to amend, Magistrate Judge Hollows found that to the extent plaintiff attempted to avoid Swarthout by stating that the psychological assessment in his case was flawed, plaintiff essentially challenged the "some evidence" relied on by the BPH, which remained foreclosed by Swarthout. Case 2:12-cv-1059 at ECF No. 17 at 8.

Here, plaintiff alleges errors in his CRA, and alleges that he raised objections based on the alleged errors in his CRA. Plaintiff does not allege that his procedural due process rights, as set forth in Swarthout, were violated.[6] For these reasons, the undersigned finds that plaintiff's claims

---

[6] Parole consideration of a person who is eligible under Proposition 57 is discretionary and is a matter of state law. Plaintiff may not "transform a state law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996)); accord Crisp v. Kernan, 2018 WL 2771310, at *4 (E.D. Cal. June 7, 2018).

8

1  ////

2  challenging alleged factual errors in his CRA are also foreclosed by Swarthout. Accordingly,

3  such claims are dismissed.

4  To the extent plaintiff challenges the evidence considered by the BPH in plaintiff's parole

5  suitability hearing that was not included in the CRA, or otherwise, such claims are also foreclosed

6  by Swarthout.

Equal Protection

Plaintiff alleges discrimination based on his status as a registered sex offender under California Penal Code section 290, claiming that other inmates required to register under section 290 have now prevailed under In re Gadlin, 10 Cal. 5th 915, 924 (2020).[7] (ECF No. 1 at 33.)

The Fourteenth Amendment's Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tx. v. Cleburne Living Center, 473 U.S. 432, 439 (1985); Caswell v. Calderon, 363 F.3d 832, 837 (9th Cir. 2004). In other words, equal protection does not require that things that are different in fact be treated the same in law. Michael M. v. Superior Court of Sonoma County, 450 U.S. 464, 469 (1981).

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). The first step in determining whether plaintiff's Equal Protection rights have been violated is to "identify the relevant class to which he belonged." Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013). Prisoners who are eligible for parole are not a suspect class entitled to heightened scrutiny. See Mayner v. Callahan, 873 F.2d 1300, 1302 (9th Cir. 1989) (prisoners not a suspect class).

In the instant case, plaintiff contends that the relevant class is individuals who are

---

[7] In Gadlin, the California Supreme Court held that "nonviolent offender parole eligibility must be based on an inmate's current conviction" and further held that the California Department of Corrections and Rehabilitation's regulations, which excluded inmates from nonviolent parole consideration due to past or current nonviolent registerable sex offenses, are inconsistent with the California Constitution and thus invalid. Gadlin, 10 Cal. 5th at 915.

registered sex offenders under section 290, which "requires certain convicted sex offenders to register with law enforcement officials in the communities in which they reside." Thornton v. Brown, 757 F.3d 834, 838 (9th Cir. 2013). However, in United States v. Juvenile Male, the Ninth Circuit noted that sex offenders are not a suspect or protected class for Equal Protection purposes. 670 F.3d 999, 1009 (9th Cir. 2012) (citing United States v. LeMay, 260 F.3d 1018, 1030-31 (9th Cir. 2001)); see also Hill v. Rowley, 2015 WL 3887188, at *3 (D. Nev. June 24, 2016) (citing Juvenile Male for the proposition that "[s]tate discrimination based on prior sex offenses is not subject to heightened scrutiny under the Equal Protection Clause."); aff'd in part, rev'd in part on other grounds, 658 F. App'x 840 (9th Cir. 2016). Because plaintiff fails to demonstrate membership in a protected class, he fails to state a claim under § 1983 for a violation of the Equal Protection Clause based on membership in a protected class. See Barren, 152 F.3d at 1194; see also Gunter v. Meeks, 2013 WL 5493270, at *3 (D. Nev. Sept. 30, 2013) (dismissing the allegation that defendants conspired to violate prisoner's Equal Protection rights based on his status as a sex offender).

Where no suspect class or fundamental right is implicated, a plaintiff's Equal Protection claims are subject to a rational basis review. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Juvenile Male, 670 F.3d at 1009. In the prison context, the right to equal protection is viewed through a standard of reasonableness; that is, whether the actions of prison officials are "reasonably related to legitimate penological interests." Walker v. Gomez, 370 F.3d 969, 974 (9th Cir. 2004) (citing Turner v. Safley, 482 U.S. 78, 89 (1987)).

Here, public safety is a legitimate state interest. See Webber v. Crabtree, 158 F.3d 460, 461 (9th Cir. 1998) (health and safety are legitimate state interests). Under California law, a prisoner's suitability for parole is dependent upon the effect of the prisoner's release on the public safety. Cal. Pen. Code § 3041(b) (mandating release on parole unless the public safety requires a longer period of incarceration). Therefore, California's parole system is both intended and applied to promote the legitimate state interest of public safety. See Webber, 158 F.3d at 461. It is a well-established principle that "a State is not constrained in the exercise of its police power to ignore experience which marks a class of offenders or a family of offenses for special treatment."

See Skinner v. State of Oklahoma ex rel. Williamson, 316 U.S. 535, 540 (1942).  Further, parole consideration is discretionary and does not provide the basis of a fundamental right.  Mayner, 873 F.2d at 1301-02.  Herein, plaintiff has not shown lack of a rational basis for the BPH's decision, even if it did take into consideration plaintiff's status as a sex offender.

Thus, for all of the above reasons, plaintiff fails to state a cognizable claim that his rights under the Equal Protection Clause were violated.

Bias

Plaintiff also claims the BPH defendants were biased.  Due process does require that parole board officials be "free from bias or prejudice" and render impartial decisions.  See O'Bremski v. Maass, 915 F.2d 418, 422 (9th Cir. 1990), cert. denied, 498 U.S. 1096 (1991). "There are two ways in which a plaintiff may establish that he has been denied his constitutional right to a fair hearing before an impartial tribunal.  In some cases, the proceedings and surrounding circumstances may demonstrate actual bias on the part of the adjudicator.  In other cases, the adjudicator's pecuniary or personal interest in the outcome of the proceedings may create the appearance of partiality that violates due process, even without any showing of actual bias."  Stivers v. Pierce, 71 F.3d 732, 741 (9th Cir. 1995) (citations omitted).  Here, plaintiff does not claim that the BPH defendants had a pecuniary or personal interest in the outcome of his hearing.  Rather, he relies on their alleged reliance on the flawed CRA and their failure to grant him parole.  Plaintiff fails to set forth specific facts to overcome the "presumption of honesty and integrity" on the part of the BPH members who decided to deny him parole.  See Withrow v. Larkin, 421 U.S. 35, 47 (1975); see also Hortonville Joint School Dist. No. 1 v. Hortonville Educ. Ass'n, 426 U.S. 482, 497 (1976) (administrative adjudicators are presumed to act with honesty and integrity in rendering decisions); see generally Liteky v. United States, 510 U.S. 540, 555-56 (1994) (bias can "almost never" be demonstrated solely on the basis of a judicial ruling alone, even if it is claimed to be based on errors committed during the course of the proceeding that led to the decision; "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality charge").  Plaintiff objects that defendants Nijjer and Sullivan wrongfully considered plaintiff's

11

prior crime committed while he was in custody, claiming that the BPH relied on false evidence from Kendall's report concerning plaintiff's personal involvement and culpability. (ECF No. 1 at 33.) Plaintiff contends that although he was a fellow conspirator and did aid and abet the crime, he did not sodomize anyone, and his personal involvement took place before the sodomy. (Id.) But plaintiff's explanation of his involvement does not rebut the fact that he was convicted of forcible sodomy, Correa, 54 Cal. 4th at 331, and the BPH panel's consideration of plaintiff's prior convictions does not, without more, constitute bias. Also, plaintiff claims that defendant Sullivan was not prepared for the hearing because he was unaware plaintiff previously submitted 44 pages of parole plans. However, defendant Nijjer, who was obviously aware of the submission, alerted Sullivan to the previous submission during the hearing. Moreover, plaintiff's complaint makes clear that he was primarily denied parole based on his precommitment offenses, not due to a lack of parole plans. Plaintiff's claim that the BPH defendants had already decided to deny plaintiff parole is mere speculation and is insufficient to demonstrate bias.

The undersigned finds that plaintiff fails to demonstrate a violation of due process based on bias during the 2022 parole hearing.

Eighth Amendment

To the extent plaintiff challenges the duration of his confinement as unconstitutional and seeks release from prison based on a violation of the Eighth Amendment, plaintiff must seek such relief through a writ of habeas corpus. In addition, plaintiff cannot seek money damages from the named defendants based on a claim that his continued confinement pursuant to a valid conviction violates the Eighth Amendment.

Even assuming plaintiff could substitute a properly named defendant, plaintiff cannot maintain a claim of cruel and unusual punishment in this case. The Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners. See Hudson v. McMillian, 503 U.S. 1 (1992). The Eighth Amendment also imposes duties on prison officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S.

517, 526-27 (1984).  There is no federal constitutional right "to be conditionally released before the expiration of a valid sentence, and states are under no duty to offer parole to their prisoners." Swarthout, 562 U.S. at 220.[8]  Under certain circumstances, states may create liberty interests which are protected by the Due Process Clause of the Fourteenth Amendment.  Cf. Stephens v. Kunz, 2019 WL 6649021, at *4 (C.D. Cal. Sept. 18, 2019) ("[T]he Court need not determine whether Proposition 57 creates a protected liberty interest because, even if it does, plaintiff fails to plausibly allege that he was denied constitutionally sufficient process, i.e., 'fair procedures,' for the vindication of any protected liberty interest.").  But even assuming plaintiff has a liberty interest in receiving parole consideration, "the procedures required are minimal." Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011).  In the context of parole decisions, a federal court's inquiry is limited to whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied. Swarthout, 562 U.S. at 220.  "The Constitution does not require more." Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 16 (1979).

      Plaintiff also relies on In re Palmer, 10 Cal. 5th 959, 980 (2021).  In Palmer, the California Supreme Court recognized that a lawfully imposed indeterminate sentence may become excessive under the California Constitution due to repeated denials of parole.  Id.  While both the United States Constitution and the California Constitution protect against cruel and unusual punishment, Palmer was decided solely under the California Constitution and not on Eighth Amendment grounds.  See Palmer, 10 Cal. 5th at 968 n.2; see also Hernandez v. Hill, 2022 WL 1063526, at *4

---

[8] See, e.g., Nguon v. Madden, 2023 WL 1806021, at *7 (S.D. Cal. Feb. 7, 2023) (finding no clearly established federal law supporting prisoner's theory that an indeterminate life sentence, constitutional when applied, becomes unconstitutional because a prisoner is denied an early release by a parole board), report and recommendation adopted, 2023 WL 2573894 (S.D. Cal. Mar. 20, 2023); Chavez v. Broomfield, 2022 WL 3720131, at *4 (C.D. Cal. July 28, 2022) (finding there is no clearly established federal law supporting prisoner's theory that for inmates serving indeterminate life sentences, continued confinement following parole denials may violate the Eighth Amendment), report and recommendation adopted, 2022 WL 3717231 (C.D. Cal. Aug. 26, 2022), cert. appealability den., 2022 WL 21714151 (C.D. Cal. Aug. 26, 2022).  See also Johnson v. Williams, 568 U.S. 289 (2013); Patsalis v. Shinn, 47 F.4th 1092 (9th Cir. 2022) ("There is no clearly established law from the Supreme Court on whether Eighth Amendment sentence proportionality must be analyzed on a cumulative or individual basis when a defendant is sentenced on multiple offenses.").

(C.D. Cal. Feb. 10, 2022) (finding "any challenge to [the] sentence under Palmer is not cognizable on federal habeas review because such a claim would necessarily be based only on a purported state-law error"), report and recommendation adopted, 2022 WL 1062057 (C.D. Cal. Apr. 8, 2022). Thus, plaintiff may opt to seek relief from the Sacramento County Superior Court as to his claim that his continued confinement has become excessive and is disproportionate under the California Constitution.

Injunctive Relief

Plaintiff seeks release from custody.

State prisoners may challenge the constitutionality of state parole procedures in an action under § 1983 seeking declaratory and injunctive relief. Wilkinson v. Dotson, 544 U.S. 74, 76 (2005). In Wilkinson, the United States Supreme Court addressed the issue of whether an inmate could challenge a parole denial via § 1983 rather than habeas corpus. Id. at 74. The Court determined that an inmate may initiate a § 1983 action to seek invalidation of "state procedures used to deny parole eligibility . . . and parole suitability," but he may not seek "an injunction ordering his immediate or speedier release into the community." Id. at 82. At most, an inmate can seek as a remedy "consideration of a new parole application" or "a new parole hearing," which may or may not result in an actual grant of parole. Id.

Here, plaintiff does not seek another parole hearing, but rather seeks release from custody. As discussed above, plaintiff fails to demonstrate a violation of his federal due process rights. The violation of state regulations, rules, and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

Further, plaintiff's claims do not support injunctive relief against the BPH defendants or the BPH generally. Plaintiff complains, inter alia, that the BPH defendants failed to consider the criteria the BPH members are statutorily required to consider and should be required to apply proper criteria. But plaintiff's arguments fail because the reasons for granting or denying parole

are within the sound discretion of the BPH. See Cal. Penal Code § 3041(b)(1) ("The panel or the board, sitting en banc, shall grant parole to an inmate unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual.").

"[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" Wilkinson, 544 U.S. at 78. "[A] § 1983 cause of action for damages attributable to an [allegedly] unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Heck v. Humphrey, 512 U.S. 477, 489-90 (1994). Thus, in order for plaintiff to obtain release from custody, he must pursue such relief through a writ of habeas corpus under 28 U.S.C. § 2254, after first exhausting his state court remedies.

Improperly Named Defendants

Plaintiff names members of the BPH, two psychologists and the transcriber of the parole hearing as defendants. As set forth below, such individuals are improperly named as defendants.

Immunity

The BPH is a state agency immune from damages suits under the Eleventh Amendment. See Atascadero State Hospital v. Scanlon, 473 U.S. 234, 237-38 (1985) (Eleventh Amendment bars suits against states in federal court); Wolfe v. Strankman, 392 F.3d 358, 364 (9th Cir. 2004) (as applied to state agencies). Thus, BPH commissioners are state officers entitled to Eleventh Amendment immunity when acting in their official capacities. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."). BPH commissioners, who exercise quasi-judicial responsibilities in rendering parole decisions, are absolutely immune from damages liability in their official capacities. See Sellars v. Procunier, 641 F.2d 1295, 1302-03 (9th Cir.), cert. denied, 454 U.S. 1102 (1981); cf. Swift v. California, 384 F.3d 1184, 1186, 1191 (9th Cir. 2004) (parole officers not entitled to absolute immunity for conduct independent of Board's decision-making authority, e.g., performing investigatory or law enforcement functions). Because parole board officials are entitled to absolute immunity when

15

rendering a parole decision, Sellars, 641 F.2d at 1302, and the challenged conduct of defendant BPH officials herein is limited to their decisions impacting plaintiff's parole, plaintiff fails to state a cognizable claim for damages relief against defendants Shaffer, Nijjer, and Sullivan.

### Defendants Kendall and Sanders

Plaintiff's allegations as to defendants Kendall and Sanders, both psychologists, fail to state a claim under the Fourteenth Amendment because neither defendant was a decision maker on the board that denied plaintiff parole. Thus, such defendants could not violate plaintiff's due process rights. To the extent plaintiff contends such defendants failed to use the proper psychological testing instruments in violation of state law, such allegation is not a cognizable constitutional violation, as discussed above.

### Defendant Transcriber

Plaintiff alleges no facts to support a reasonable inference that Genedel Amber Macasinag, the transcriber who prepared the transcript from plaintiff's 2022 parole hearing, acted under color of state law. See Rushion v. NYS Division of Parole, 2015 WL 5475605, *2 (E.D. N.Y. Sept. 15, 2015) (private stenographer who transcribes parole hearings not a state actor); Burroughs X v. Dorn, 2013 WL 3820673, *4 (E.D. N.Y. July 22, 2013) (court reporter employed by private corporation did not act under color of state law). Accordingly, plaintiff's complaint should be dismissed as to defendant Macasinag.

### Conclusion

For the above reasons, the undersigned finds that plaintiff's claims should be dismissed without leave to amend. The due process protection afforded to California parole decisions consists solely of the "minimum" procedural requirements set forth in Greenholtz, 442 U.S. at 16; Swarthout, 562 U.S. at 220. Specifically, plaintiff must be provided with "an opportunity to be heard and. . . . a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16). Plaintiff does not allege that such procedural due process rights were violated, and his complaint makes clear that he was present at the 2022 parole hearing, was given the opportunity to be heard and was given a statement of the reasons for the denial because plaintiff challenges such reasons in the complaint. (ECF No. 1.)

16

////

The court is persuaded that based upon such allegations, plaintiff is unable to allege any facts that would state a cognizable federal civil rights claim. Champ v. Sec'y of CDCR, 2023 WL 5105313, at *6 (E.D. Cal. Aug. 9, 2023) (because inmate entitled to consideration for parole under Proposition 57 received minimal procedures required under Swarthout, due process claim is moot and granting leave to amend would be futile). "A district court may deny leave to amend when amendment would be futile." Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."). Therefore, this action should be dismissed without leave to amend.

Request for Counsel

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 2, 10) are

granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion for the appointment of counsel (ECF No. 3) is denied without prejudice.

Further, IT IS RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 21, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/corr0739.bph.56